## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHINESE CONSOLIDATED BENEVOLENT ASSOCIATION, an Illinois not-for profit corporation, | ) ) ) ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| CHICAGO CHINATOWN BRIDGEPORT ALLIANCE SERVICE CENTER, an Illinois not-for-profit corporation, and YMAN HUANG VIEN, individually, | ) ) ) ) ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Chinese Consolidated Benevolent Association ("Plaintiff" or "CCBA"), by its attorneys, files this Complaint against defendants Chicago Chinatown Bridgeport Alliance Service Center ("CCBA SC") and Yman Huang Vien ("Vien") (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action concerning federal unfair competition under the Lanham Act, trademark and unfair competition under Illinois common law, violations of the Uniform Deceptive Trade Practices Act and Consumer Fraud and Deceptive Business Practices Act, breach of fiduciary duty, usurping corporate opportunity and conversion.   The allegations and claims arise from the conduct of an Illinois not-for-profit corporation and its president who hatched a plan to create and operate an entity to provide the same services as Plaintiff under a

nearly identical name as Plaintiff.   By doing so, Defendants traded off the goodwill and reputation of the Plaintiff, which has served the Chinese community in Chicago for decades.

2.      Plaintiff is seeking injunctive relief, damages, costs, and attorney's fees as set forth in its formal prayer for relief below.

## THE PARTIES

3.      Plaintiff CCBA is an Illinois not-for-profit corporation with its principal place of business located in Chicago, Illinois.

4.      Defendant CCBA SC is an Illinois not-for-profit corporation with its principal place of business located in Chicago, Illinois.

5.      Defendant Vien is an individual who resides in Chicago, Illinois.  She is the President of the Board of CCBA SC and the former President of the Board of CCBA.   Upon information and belief, Vien is also Vice President Business Banker at Lakeside Bank and a Principal at Lotus Financial Partners Inc. where she is a developer of real estate in Chicago's Chinatown neighborhood and surrounding areas.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S. C. § 1121, and under Sections 1331 and 1338(a) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a).  The Court has supplemental jurisdiction over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

7.      This Court has personal jurisdiction over Defendants CCBA SC and Vien because they are domiciled in Illinois.

8.      Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because the

Defendants reside in this district.


**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9.      CCBA is a non-profit organization that has served the Chinese immigrant

community in Chicago for more than a century, providing education, social and community

services, senior services, youth programs, cultural events, festivities and celebrations and

Chinese cemetery services.  In recent years, CCBA works with government agencies to offer

publicly-funded services to seniors in the community.

10.     CCBA has operated under the name and common law marks "CCBA" and/or

"CCBAC" during these decades, and the names and marks have become synonymous with

CCBA and its work on behalf of Chinese immigrants, within and particularly outside the Chinese

community.

11.     Vien served as President of CCBA for four years, from 2016 to 2019 and remains

a member of its board.  During the period when Vien was President of CCBA, Sally

Wagenmaker ("Wagenmaker") was appointed by Vien and served as attorney for CCBA and

now serves as attorney for CCBA SC.

12.     On July 3, 2018, at the behest of Vien, Wagenmaker incorporated a sister non-

profit corporation under the corporate name, "CCBA Service Center."  CCBA SC presents itself

to the public as "CCBA SC" or "CCBA Service Center."  Vien is the President of the board of

CCBA SC.

13.     At the time CCBA SC was formed, CCBA had undertaken the development of a

senior housing project, but CCBA was also under an IRS audit.  Vien expressed concern that the

senior housing project would be jeopardized if CCBA lost its status as a not-for-profit. She urged CCBA to allow the formation of CCBA SC to own the real estate that would be acquired for the senior house project and as protection if CCBA lost its not-for-profit status.

14.     According to records filed with the Illinois Secretary of State on July 3, 2018, the first Board of Directors for CCBA SC consisted of Vien, David Chan, Ken Eng [sic] (referring to Kin Ng, the current President of CCBA), Jerry Moy, Wayne Moy, and Duc Huang and indicating the address for all of Directors as 250 W 22nd Place, Chicago, Illinois 60616, which is also the address for CCBA.   David Chan and Kin Ng are members of the board of CCBA.  When CCBA SC was created, neither David Chan nor Kin Ng were aware they had been named as Directors or Officers of CCBA SC.

15.     On or about November 14, 2018, CCBA satisfactorily concluded its audit by the IRS and was able to maintain its status as a not-for-profit corporation.

16.     To pursue the senior housing project, Vien expressed she could procure a loan for $24 million.  On or about March 8, 2019, without proper authorization from the CCBA board, CCBA SC obtained a commercial loan proposal from International Bank of Chicago in the amount of $15,000,000, which was to be guaranteed by CCBA and collateralized by CCBA properties.  The amount of the loan was considerably less than the amount necessary to fund the senior housing project.  In addition, as a condition of the loan, the bank required that Vien remain the lifetime President of CCBA, but the CCBA board did not nor would not approve of Vien serving as a lifetime President of CCBA.

17.     On June 4, 2019, at the behest of Vien, Wagenmaker filed an Annual Report for CCBA SC with the Illinois Secretary of State identifying the Officers and Directors as Vien (President), Jerry K. Gee (Secretary), Kin S. Ng (Vice President) and Wayne Moy (Treasurer),

and Tat Wai Chan (Director).  At the time these forms were prepared and filed, neither Kin Ng nor Tai Wat Chan were aware they had been identified as Officers and Directors of CCBA SC. The address for CCBA SC's Principal Office and for all Officer and Directors was listed as 250 W 22nd Place, Chicago, Illinois 60616, which is also the address for CCBA.

18.     On or about August 29, 2019, the CCBA board voted to decline the finance terms with International Bank of Chicago and decided it was no longer interested in pursuing the current senior housing project that Vien had spearheaded.  Subsequently, without seeking instructions or directions from the board, Vien returned funds to all donors and closed several CCBA SC bank accounts.  Thereafter, Vien returned CCBA SC funds to CCBA and reported to CCBA that all CCBA SC accounts had been closed.

19.     On October 21, 2019, Vien signed two CCBA checks totaling $169,200 payable to Vari Architects Ltd., for work in connection with a senior building project, without proper approval of the CCBA board.

20.     After learning that CCBA no longer wished to pursue the senior housing project, without the knowledge or approval of CCBA, Vien reconfigured CCBA SC in attempt to create a new not-for-profit independent from but competitive with CCBA.

21.     On February 6, 2020, CCBA SC filed Articles of Amendment with the Illinois Secretary of State, in which it claimed, inaccurately, it had written consent of all Directors to change the provisions concerning disposition of the assets of CCBA SC upon dissolution. Originally, CCBA SC was to transfer all assets upon dissolution to CCBA.  By this amendment, CCBA SC was to dispose of its assets for its own purpose.  Vien signed the amendment under penalty of perjury.

22.     On August 8, 2020, CCBA SC filed Articles of Amendment with the Illinois Secretary of State, in which it claimed, inaccurately, it had written consent of all Directors to change the name of CCBA SC to the Chicago Chinatown Bridgeport Alliance Service Center, which reduces to the same acronym " CCBA SC" – (the "Infringing Name"). Again, Vien signed the amendment under penalty of perjury.

23.     Having orchestrated the creation of CCBA SC while under the umbrella of CCBA, Vien then covertly divorced CCBA SC from its relationship to CCBA to create a new community non-profit corporation that continues to operate in the same community as CCBA and trade off CCBA's name, mark, and goodwill by using the Infringing Name.  CCBA SC uses the Infringing Name in a non-profit registry, when it attends community events and when it raises funds for the same types of community members served by CCBA and services offered by CCBA.

24.     Vien possesses corporate records and documents of CCBA and has refused, after repeated demands, to return those corporate records and documents to CCBA.   Included, without limitation, among those records are documents relating to a) Sun Yat-Sen Park; b) the Chinatown Gate project; c) the senior housing project (architect drawings, bank records etc.); and d) CCBA SC records related to CCBA (the "CCBA Property").

## COUNT I

### FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

### (Against Defendants – CCBA SC and Vien)

25.     Plaintiff realleges and incorporates by reference its allegations to Paragraphs 1 through [number].

26.     Defendants' ongoing use of the Infringing Name constitutes a false designation of origin and a false representation with respect to Defendants' services.  Defendants' use of the Infringing Name is likely to cause confusion, mistake, or deception as to the source of Defendants' services and is likely to create the false impression that Defendants are affiliated with CCBA SC or that their services are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff.

27.      Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to damage Plaintiff and to deceive the public unless enjoyed by this Court.  Plaintiff has no adequate remedy at law.

## COUNT II

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER ILLINOIS COMMON LAW

### (Against Defendants – CCBA SC and Vien)

29.     Plaintiff realleges and incorporates by reference its allegations to Paragraphs 1 through [number].

30.     Defendants unauthorized use of the Infringing Name for services related to those provided by Plaintiff under the mark CCBA is likely to cause confusion, or to cause mistake or to deceive Defendants' customers, donors, potential consumers, and/or the public as to the source or sponsorship of Defendants' services in violation of Plaintiff's rights under the common law of the State of Illinois.

31. By virtue of Defendant Vien's involvement in and role as President of CCBA, Defendants were on notice of Plaintiff's exclusive rights in the CCBA mark before adopting and using the Infringing Name. By using Plaintiff's mark without authorization, Defendants have been unjustly enriched and Plaintiff has been damaged.

32. The aforesaid conduct of Defendants constitutes unfair competition and trademark infringement under the common law of the State of Illinois.

33. Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and to deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT III

## UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS 510/)

### (Against Defendants – CCBA SC and Vien)

34. Plaintiff realleges and incorporates by reference its allegations to Paragraphs 1 through [number].

35. Defendants unauthorized use of the Infringing Name for services related to those provided by Plaintiff under the mark CCBA and their misrepresentation to the State of Illinois as to the identity of and consent from certain individuals on CCBA's board to serve on the board of CCBA SC are deceptive trade practices insofar as Defendants:

(a)   pass off goods or services as those of another;

(b)   cause likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; and/or

(c)   cause likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another.

36.     The aforesaid conduct of Defendants constitutes a violation of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/ et seq.

37.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and to deceive the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## COUNT IV

## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (815 ILCS 510/)

## (Against Defendants – CCBA SC and Vien)

38.     Plaintiff realleges and incorporates by reference its allegations to Paragraphs 1 through [number].

39.     Defendants unauthorized use of the Infringing Name for services related to those provided by Plaintiff under the mark CCBA and their misrepresentation to the State of Illinois as to the identity of and consent from certain individuals on CCBA's board to serve on the board of CCBA SC are deceptive trade practices insofar as Defendants:

(a)     pass off goods or services as those of another;

(b)     cause likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; and/or

(c)     cause likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another.

40.     The aforesaid conduct of Defendants constitutes a violation of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

41.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and to deceive the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## COUNT V

## BREACH OF FIDUCIARY DUTY

### (Against Defendant – Vien)

42.     The Plaintiff realleges and incorporates by reference its allegations to Paragraphs 1 through [number].

43.     As President of CCBA from 2016 to 2019 and as a member of CCBA's Board of Directors, Vien owed and owes fiduciary duties to CCBA, including the duty of loyalty to act in the best interest of CCBA and not for her own advantage and the duty of obedience to act consistently with the organization's articles of incorporation, by-laws, and status as a not-for-profit, tax-exempt organization.

44.     Vien breached her fiduciary duty of loyalty to CCBA and usurped actual and potential corporate opportunities when she orchestrated the creation of sister non-profit corporation and then surreptitiously spun it off into a competing entity using the Infringing Name and continued to operate under the Infringing Name even after requests by CCBA to Defendants to cease use of the Infringing Name.

45.     Vien breached her fiduciary duty of obedience to CCBA when she:  a) orchestrated efforts to obtain a $15 million commercial loan from International Bank of Chicago, to be guaranteed by CCBA and collateralized by CCBA properties, without proper approval of the CCBA board; b) signed two CCBA checks totaling $169,200 payable to Vari Architects Ltd.,

without proper approval of the CCBA board; and c) failed to return CCBA Property in her possession to CCBA after her tenure as President of the board of CCBA ended.

46.    As a direct and proximate result of Vien's breaches of fiduciary duties, CCBA has suffered injuries.

## COUNT VI

## USURPING CORPORATE OPPORTUNITY

### (Against Defendant – Vien)

47.    Plaintiff realleges and incorporates by reference its allegations to Paragraphs 1 through [number].

48.    While Defendant Vien served as President of the board of CCBA, she used her position of influence and control in CCBA to create CCBA SC.

49.    Although the ostensible purpose of creating CCBA SC was to develop and own a senior housing project and to protect the project if CCBA were to lose its not-for-profit status, upon information and belief, Defendant Vien seized the opportunity to spin-off CCBA SC for her own benefit to enhance her standing in Chicago's Chinese immigrant community and enhance her banking and real estate development ventures.

50.    Upon information and belief, Vien continues to receive invitations from civic organizations to attend community events that were directed to and could have benefited CCBA. Current CCBA President, Kin Ng, as well as several directors had been approached by several community leaders unofficially asking why CCBA did not attend community meetings. After checking with other directors, no one attended any meeting as no one received any invitations and/or meeting notices.

51.     In addition, on February 6, 2020, without knowledge of CCBA, Vien signed and CCBA SC filed Articles of Amendment with the Illinois Secretary of State, in which CCBA SC claimed, inaccurately, it had written consent of all Directors to transfer all assets upon dissolution of CCBA SC for its own purpose, rather than to CCBA (as stated in the original Articles of Incorporation).  By converting the beneficiary of the assets of CCBA SC, Vien converted an expectancy interest of CCBA to CCBA SC, which Vien controls.

52.     As a direct and proximate result of Vien's usurping corporate opportunities, CCBA has suffered and will continue to suffer injures.

## COUNT VII

## CONVERSION

### (Against Vien and CCBA SC)

53.     Plaintiff realleges and incorporates by reference its allegations to Paragraphs 1 through [number].

54.     Plaintiff has a personal right to the CCBA Property.

55.     Plaintiff  has an absolute and unconditional right to immediate possession of the CCBA Property;

56.     Plaintiff made repeated demands for possession of the CCBA Property currently possessed by Defendants.

57.     Defendants wrongfully assumed control of the CCBA Property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chinese Consolidated Benevolent Association respectfully requests that this Court enter a judgment against Defendants Chicago Chinatown Bridgeport Alliance Service Center and Yman Huang Vien, granting Plaintiff the following relief:

1.      Entry of temporary, preliminary, and permanent injunctive relief preventing Defendants from using the name or marks CCBA, CCBA SC or any confusingly similar name or mark;

2.      Dissolution of Defendant CCBA SC;

3.      An order compelling Defendants to return Plaintiff all CCBA Property belonging to Plaintiff;

4.      The entry of judgment in favor of the Plaintiff on each cause of action;

5.      The award of the damages in an amount to be determined at trial;

6.      The award of costs of the suit and attorney's fees; and

7.      Such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues that are so triable.

Dated: August 17, 2021

Respectfully submitted,


**CHINESE CONSOLIDATED
BENEVOLENT ASSOCIATION**


By:  /Steven L. Baron/              
Jonathan Lustig (Bar No. 6196857)
The Law Office of Jonathan Lustig P.C.
200 East Randolph
Suite 5100
Chicago, Illinois 60601
Tel:  312-567-9198
Email: jonathanlustig@lustiglawgroup.com

Steven L. Baron (Bar No. 6200868)
Baron Harris Healey
150 South Wacker Drive
Suite 2400
Chicago, Illinois 60606
Tel: 312-741-1027
Email:  sbaron@bhhlawfirm.com

*Attorneys for Plaintiff*