UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| CHINESE CONSOLIDATED BENEVOLENT ASSOCIATION, an Illinois not-for profit corporation,<br><br> Plaintiff,<br>v.<br><br>CHICAGO CHINATOWN BRIDGEPORT ALLIANCE SERVICE CENTER, an Illinois not-for-profit corporation, and YMAN HUANG VIEN, individually,<br><br> Defendants. | Case No. 21-cv-04370<br><br>Honorable Andrea Wood |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

  Plaintiff Chinese Consolidated Benevolent Association has filed a seven-count Complaint alleging that Defendants are attempting to free-ride on more than one hundred years of charitable works and community goodwill for their own personal financial benefit. Defendants have filed a Rule 12(b)(6) motion to dismiss that asks the Court to apply legal standards incorrectly, particularly the federal notice pleading standard. The CCBA's Complaint adequately and appropriately alleges all counts against both Defendants, and Defendants' motion to dismiss should be denied.

**I. LANHAM ACT AND RELATED STATE-LAW CLAIMS (Counts I to IV)**

  The CCBA has sufficiently pleaded its claims, and the Court should deny Defendants' motion as to Counts I through IV of the Complaint.[1] In their Memorandum, Defendants repeatedly misstate the applicable legal standards and demand "evidence" and "proofs" that are

---

[1] As Defendants correctly note, the Court applies the same standard to the CCBA's federal Lanham Act unfair competition claim (Count I), common-law trademark and unfair competition claim (Count II), Uniform Deceptive Trade Practices Act claim (Count III), and Consumer Fraud and Deceptive Business Practices Act claim (Count IV) for the purpose of ruling on the motion to dismiss.

not required at this stage of litigation. Defendants cite case law involving motions for summary judgment, preliminary injunction hearings, or other evidentiary rulings. (*See, e.g.,* Mem. at 3 (citing *Box Acquisitions, LLC v. Box Packaging Products, LLC*, 32 F. Supp. 3d 927 (N.D. Ill. 2014) (summary judgment); *id.* at 7 (citing *Web Printing Controls v. Oxy-Dry Corp.*, 906 F.2d 1202 (7th Cir. 1990) (appellate review after trial).) These cases are unhelpful because they do not apply the applicable pleading standard. *See Agave Loco LLC v. Sazerac Co.*, No. 12-cv-09698, 2013 U.S. Dist. LEXIS 56562, at *6 (N.D. Ill. Apr. 19, 2013) (distinguishing "cases addressing motions for summary judgment or for a preliminary injunction examining the merits of plaintiff's claims," in ruling on motion to dismiss); *Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 768 (N.D. Ill. 2008) (distinguishing cases "decided after a full evidentiary presentation to the court," in ruling on motion to dismiss).

  **A. The CCBA alleges a protectable mark.**

  The CCBA has alleged a protectable mark, satisfying the first element of its Lanham Act claim. To state a trademark infringement claim, a plaintiff must allege that (1) the mark at issue is protectable, and that (2) the defendant's use of the mark is likely to cause confusion among consumers. *Mighty Deer Lick, Inc. v. Morton Salt, Inc.*, No. 17-cv-05875, 2020 U.S. Dist. Lexis 23206, at *16 (N.D. Ill. Feb. 11, 2020). The CCBA alleges that it has used the name and marks "CCBA" and "CCBAC" for more than a century and that they "have become synonymous with CCBA and its work on behalf of Chinese immigrants, within and particularly outside the Chinese community."[2] (Compl. ¶¶ 9-10.)

---

[2] In the Memorandum, Defendants discuss the CCBA's pending trademark applications but ultimately acknowledge that trademark registrations are not required to state a claim under the Lanham Act. (*See* Mem. at 4.) The CCBA does not rely on any registered trademark in its Complaint and therefore does not address Defendants' arguments relating to trademark registration.

These allegations are sufficient at the pleading stage, and courts routinely allow similar claims to proceed. *See Bhatia v. Vaswani*, No. 18-cv-2387, 2021 U.S. Dist. Lexis 104372, at *22 (N.D. Ill. June 3, 2021) (holding that plaintiff sufficiently pleaded secondary meaning by alleging that plaintiff had used the marks since 2006 and "that consumers have a 'mental association' between the plaintiff and the subject marks"); *La Zaza Trattoria, Inc. v. Lo Bue*, 2012 U.S. Dist. LEXIS 112627, at *5-6 (N.D. Ill. Aug. 10, 2012) (holding that plaintiff sufficiently alleged protectable trademark by alleging continuous use of the subject mark since 1995, and collecting cases).

Defendants argue that the CCBA marks are not protectable because they are descriptive and have not acquired secondary meaning, but these arguments raise factual issues that are not yet ripe for decision. *See Mackie v. Awtry*, No. 14-cv-09206, 2016 U.S. Dist. Lexis 132046, at *8 (N.D. Ill. Sept. 27, 2016) (Wood, J.) (denying motion to dismiss Lanham Act claim because "[w]hether a mark is sufficiently distinctive to be protectable without proof of secondary meaning and whether it has acquired secondary meaning are questions of fact"); *Agave Loco*, 2013 U.S. Dist. LEXIS 56562, at *6 ("The determination of a term's distinctiveness, including whether the term is generic or too common to protect, is a question of fact improper for resolution on a motion to dismiss.") (collecting cases); *see also Bhatia*, 2021 U.S. Dist. Lexis 104372, at *22 (holding that classification of marks as arbitrary or descriptive, including abbreviation "MV," was a question of fact that could not be determined at summary judgment stage).

Defendants also argue that an abbreviation like "CCBA" cannot acquire secondary meaning; again, this is a fact issue that is not appropriate for this stage of litigation. Defendants cite *G. Heileman Brewing Co. v. Anheuser-Busch, Inc.*, 873 F.2d 985 (7th Cir. 1989), in which

3

the Seventh Circuit reviewed an "exhaustive" ruling after a nine-day trial involving "elaborate consumer surveys" and a "barrage of statistics." *Id.* at 994-95. In *Baroness Small Estates, Inc. v. American Wine Trade Inc.*, 104 U.S.P.Q.2d 1224, 1225-30 (T.T.A.B. 2012), the Trademark Trial and Appeal Board ("TTAB") refused to cancel the mark "CMS," an acronym for varietals of wine, based on the Board's review of evidence regarding the understanding of relevant consumers. In *In re Thomas Nelson, Inc.*, 97 U.S.P.Q.2d 1712, 1716-18 (T.T.A.B. 2011), the TTAB examined evidence regarding consumer understanding and held that the mark "NKJV," an abbreviation for the New King James Version of the Bible, had acquired distinctiveness. Defendants' dispute of this issue is not appropriate for a motion to dismiss, when the CCBA has not yet had the opportunity to gather and present evidence to support its claim.

### B. The CCBA alleges likelihood of confusion.

The CCBA has sufficiently alleged likelihood of confusion.

> The likelihood of confusion analysis is comprised of seven
> factors: (1) similarity between the marks in appearance and suggestion;
> (2) similarity of the products; (3) area and manner of concurrent use;
> (4) degree of care likely to be exercised by consumers; (5) strength of
> the plaintiff's mark; (6) actual confusion; and (7) intent of the defendant
> to "palm off" his product as that of another.

*Mighty Deer Lick*, 2020 U.S. Dist. Lexis 23206, at *16-17 (quoting *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001)). "'Likelihood of confusion' . . . is an intensely factual question based on real market conditions and real consumers' behavior." *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 478 (7th Cir. 2020); *see Vulcan Golf*, 552 F. Supp. 2d at 766 ("'[L]ikelihood of confusion' is a fact-specific inquiry best left for decision after discovery.").

The CCBA's Complaint touches on five of the seven "likelihood of confusion" factors, and the CCBA anticipates that it will ultimately address all seven factors in proving its case. As to factor 1, the marks CCBA and CCBA SC are plainly similar, and the name "CCBA Service

4

Center" suggests that the Defendant entity is a service of Plaintiff CCBA. As to factor 2, CCBA SC provides services competitive with CCBA (Compl. at ¶ 20) and attends community meetings and events, apparently by intercepting invitations and notices that arrive at the entities' shared address. (*Id.* at ¶ 50.) As to factor 3, both the CCBA and CCBA SC operate in Chicago's Chinatown community, from the same address. (*Id.* at ¶¶ 14, 23.) As to factor 5, the CCBA has alleged that its mark has been "synonymous" with its work in the Chinese community for more than a century. (*Id.* at ¶¶ 9-10.) As to factor 7, the CCBA has alleged that Defendant Vien has intentionally created and operated CCBA SC in a manner that is intended to confuse community members. (*Id.* at ¶¶ 1, 20, 23.) *See also Am. Diabetes Ass'n v. Nat'l Diabetes Ass'n*, 533 F. Supp. 16, 20 (E.D. Pa. 1981) (holding that allegations that the defendant charity was "aware of the goodwill and reputation of" the plaintiff charity suggested "an intent to benefit from the resemblance of defendant corporation's name to that of plaintiffs").

Courts routinely accept pleadings of likelihood of confusion like the CCBA's. *See Mighty Deer Lick*, 2020 U.S. Dist. Lexis 23206, at \*19 (Wood, J.) (denying motion to dismiss where complaint alleged five factors of likelihood of confusion test); *Slep-Tone Entm't Corp. v. Coyne*, 41 F. Supp. 3d 707, 717 (N.D. Ill. 2014) (denying motion to dismiss where complaint sufficiently alleged four factors); *Agave Loco*, 2013 U.S. Dist. Lexis 56562, at \*5 (denying motion to dismiss where complaint sufficiently alleged three factors); *see also Bhatia*, 2021 U.S. Dist. LEXIS 104372, at \*25 (holding that plaintiff plausibly alleged likelihood of confusion where defendant formed competing business "with the express purpose of drawing customers away" from plaintiff, without addressing the seven-factor analysis); *Slep-Tone Entm't Corp. v. Roberto*, No. 12-cv-5750, 2013 U.S. Dist. LEXIS 151923, at \*6 (N.D. Ill. Oct. 22, 2013) (holding that plaintiff adequately alleged unfair competition by alleging defendants' actions were

5

"likely to cause confusion among customers" and harmed plaintiff and plaintiff's "legitimate customers," without addressing the seven-factor analysis). The CCBA's allegations are sufficient to state a claim.

Defendants argue that the CCBA has not alleged actual confusion. (*See* Mem. at 8-9.) Defendants misstate the required elements of a Lanham Act claim; allegations of actual confusion are not required. "The elements necessary to establish a violation of 15 U.S.C. § 1125(a) do not include any involving actual injury or actual confusion." *Bhatia*, 2021 U.S. Dist. Lexis 104372, at *23 (quoting *Web Printing Controls*, 906 F.2d at 1204) (internal quotation marks omitted). The CCBA has alleged its Lanham Act claim.

### C. The CCBA has stated a claim against Vien.

Defendants argue that Defendant Vien cannot be held accountable for CCBA SC's conduct; however, Defendants only cite case law that does not support that argument.

Defendants cite *Specht v. Google, Inc.*, 660 F. Supp. 2d 858 (N.D. Ill. 2009), in which the plaintiff brought claims against individual corporate officers based solely on their roles within the defendant corporation. By contrast, in this case, the CCBA alleges that Defendant Vien used her position within and initial support from the CCBA to take actions harming the CCBA, and that those actions go beyond the scope of her corporate duties at Defendant CCBA SC. She took actions that were not properly authorized by CCBA or by individuals that she had named as directors and officers of CCBA SC, without their knowledge, and she did so to enhance her personal banking and real estate interests. (*See* Compl. at ¶¶ 14, 16-18, 22-23, 49.)

Thus, the CCBA's claims are not based merely on Vien's position within Defendant CCBA SC; rather, the CCBA has alleged that Vien acted "willfully and knowingly," "personally participated" in the anti-competitive acts "other than as an officer," and used CCBA SC "as an

6

instrument to carry out h[er] own willful and deliberate infringements." (*See* Mem. at 9 (quoting *Specht*, 660 F. Supp. 2d at 864).) The CCBA has sufficiently alleged Counts I to IV against Vien.

        **D.**       **The CCBA has alleged "use in commerce."**

The Court should reject Defendants' argument that they have not used the CCBA SC name "in commerce," because Defendants cite no relevant authority to support their argument. (*See* Mem. at 7-8.) The CCBA has alleged that Defendants use the infringing name in a non-profit registry, at community events, and in fundraising. (Compl. at ¶ 23.) Fundraising and community involvement are core activities of the CCBA, a non-profit institution, and are properly the subject of Lanham Act claims. (*Id.* at ¶¶ 9-10.) *See* 15 U.S.C. § 1127 (defining "commerce" as "all commerce which may lawfully be regulated by Congress"); *Am. Diabetes Ass'n*, 533 F. Supp. at 18 (granting preliminary injunction against infringing charity that had "only solicited funds and ha[d] not provided any services with those funds"). The CCBA has stated a Lanham Act claim against both Defendants.

**II.**      **CLAIMS SPECIFIC TO VIEN'S MISCONDUCT (Counts V to VII)**

Defendants' arguments regarding the remaining claims – breach of fiduciary duty, usurping corporate opportunity, and conversion – are largely unsupported by citations to applicable case law or based on a deliberate misreading or misunderstanding of the Complaint's allegations.

        **A.**       **The CCBA has stated a claim for breach of fiduciary duty.**

The CCBA has stated a claim for breach of fiduciary duty. As with Counts I through IV, Defendants demand more details than are required at the pleading stage.

The CCBA alleges that Defendant Vien breached her fiduciary duties of loyalty and obedience. "[T]he essence of the duty of loyalty is to not exploit the director's position for her own personal benefit, and not to hinder the ability of the business to continue in the business for

7

which it was developed." *Alpha School Bus v. Wagner*, 391 Ill. App. 3d 722, 737 (1st Dist. 2009). The CCBA has alleged that Defendant Vien took multiple actions adverse to the CCBA without its knowledge or approval: starting a competing charity, keeping CCBA property, and taking actions on the CCBA's half without approval. (Compl. ¶¶ 44-45.) Defendant Vien asks the Court to apply a narrow and specific understanding of fiduciary duties that is not supported by the cited case law, and she demands factual detail beyond the federal notice pleading standard. (*See* Mem. at 12, 13 ("Plaintiff fails to allege what proper authorization from the CCBA board was lacking . . . .").) Defendant Vien relies primarily on a case involving not a motion to dismiss, but rather appellate review of a directed verdict and bench trial. (*See* Mem. at 11-12 (citing *Indeck Energy Services, Inc. v. DePodesta*, 2021 IL 125733, ¶ 47 (Ill. 2021).)

Defendant Vien also argues, without citation to authority, that breach of the fiduciary duty of obedience "is not a recognized cause of action" in Illinois. (Mem. at 12.) Illinois case law regarding fiduciary duties of non-profit directors is not well-developed, but Defendant Vien provides no argument as to why such a duty, which is found in other bodies of common law, should not be applied in Illinois courts and in this case. *See In re Winthrop*, 219 Ill. 2d 526, 543-44 (Ill. 2006) ("As fiduciaries, attorneys owe to their clients the basic obligations of agency: loyalty and obedience.") (quotation omitted); *see also Shorter College v. Baptist Convention of Georgia*, 614 S.E.2d 37, 43 (Ga. 2005) (describing a nonprofit director's duty of obedience as the duty "to be faithful to the purposes and goals of the organization") (quotation omitted); *In re Dalen*, 259 B.R. 586, 610 (Bankr. W.D. Mich. 2001) (describing a bankruptcy trustee's duty of obedience as the "obligation not to act outside of the fiduciary's permitted authority"). Defendants do not provide sufficient basis to dismiss this claim, and the Court should deny their motion.

### B. The CCBA has stated a claim for usurpation of corporate opportunity.

Defendants again ask the Court to hold the CCBA to a standard higher than federal notice pleading in evaluating Count VI, for usurping corporate opportunity. Defendants also improperly dispute the CCBA's factual allegations.

To state a claim for usurpation of corporate opportunity, a plaintiff must allege that the defendant (1) was a fiduciary; (2) took advantage of a business opportunity that belonged to the corporation; and (3) failed to disclose and tender the opportunity to the corporation before taking advantage of it. *Audette v. Kasemir*, No. 14-B-34232, 2018 Bankr. LEXIS 1779, at *9-10 (Bankr. N.D. Ill. June 14, 2018) (citing *Anest v. Audino*, 332 Ill. App. 3d 468, 477-78 (2d Dist. 2002)); *Levy v. Markal Sales Corp.*, 268 Ill. App. 3d 355, 366 (1st Dist. 1994) ("The general rule is that, when a corporation's fiduciary wants to take advantage of a business opportunity which is in the corporation's line of business, the fiduciary must first disclose and tender the opportunity to the corporation . . . .") (quotations omitted).

Defendants dispute the facts alleged, arguing that their actions did not prevent the CCBA from attending community events. This disregards the Complaint's allegation that the invitations were "directed to" the CCBA but not received by the CCBA, and disregards Defendant Vien's fiduciary duty to disclose and tender opportunities to the CCBA. (*See* Compl. ¶ 50.) The Court should reject Defendants' factual disputes.

Defendants also ask the Court to narrowly define "opportunities" to include "business deals." (*See* Mem. at 14.) Defendants do not provide and the CCBA has not located any support for such a narrow understanding; the cause of action itself refers to "opportunities" and not completed "deals." *See, e.g., Graham v. Mimms*, 111 Ill. App. 3d 751 (1st Dist. 1982) (affirming trial court ruling that individuals had taken advantage of business opportunities by "investigating and developing" projects).

9

The CCBA has alleged that Defendant Vien has taken for herself and her own controlled, competitive entity the opportunity to attend community meetings and the opportunity to be the beneficiary of the assets of CCBA SC. The Complaint's allegations satisfy the notice pleading standard and the elements for usurpation of corporate opportunity.

### C. The CCBA has stated a claim for conversion.

The Court should reject the Defendants' arguments regarding Count VII, conversion, because they again make a factual rather than a legal argument. The CCBA has sufficiently pleaded its claim.

The elements of a claim of conversion under Illinois law are as follows:

> (1) the defendant's unauthorized and wrongful assumption of control, dominion, or ownership over the plaintiff's personal property, (2) the plaintiff's right in the property, (3) the plaintiff's right to immediate possession of the property, absolutely and unconditionally, and (4) the plaintiff's demand for possession of the property.

*Wei Quan v. Arcotech Uniexpat, Inc.*, 2018 IL App (1st) 180227. The CCBA has clearly alleged these elements and has identified the subject property, which consists of corporate records and documents. (*See* Compl. ¶¶ 24, 54-57.) In their Memorandum, Defendants essentially deny or debate the facts alleged in the Complaint. Defendants contend that the CCBA, in fact, has access to the records and documents, and they present arguments regarding Defendant Vien's right, as a corporate director, to access corporate records. (*See* Mem. at 15.)

The CCBA does not have access to the documents, which is why it has alleged a claim of conversion. The CCBA has stated a legally sufficient claim. To the extent that there is any confusion regarding the factual basis for this claim, the CCBA requests the opportunity to replead if the Court deems it necessary.

10

### III. CONCLUSION

Defendants ask the Court to apply incorrect legal and pleading standards, and they provide no valid basis for the Court to dismiss any claim. The CCBA has adequately pleaded its claims, and this case should be allowed to proceed.

WHEREFORE, Plaintiff Chinese Consolidated Benevolent Association respectfully requests that the Court deny Defendants' motion to dismiss and grant such further relief as is just.

December 22, 2021

Respectfully submitted,

CHINESE CONSOLIDATED BENEVOLENT ASSOCIATION

By: /s/ Steven L. Baron

Steven L. Baron (ARDC #6200868)
Sharon R. Albrecht (ARDC #6288927)
Baron Harris Healey
150 South Wacker Drive
Suite 2400
Chicago, Illinois 60606
Tel: 312-741-1027
sbaron@bhhlawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing has been served on December 22, 2021, via the Court's CM/ECF system, on all counsel of record who have consented to electronic service.

/s/ Steven L. Baron