**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHINESE CONSOLIDATED ) <br> BENEVOLENT ASSOCIATION, ) <br> an Illinois not-for profit corporation, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> CHICAGO CHINATOWN BRIDGEPORT ) <br> ALLIANCE SERVICE CENTER, an Illinois ) <br> not-for-profit corporation and YMAN HUANG ) <br> VIEN, individually, ) <br> ) <br> Defendants. ) | Civil Action No: 21-cv-04370 <br><br> Honorable Andrea Wood |

**DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COME the Defendants Chicago Chinatown Bridgeport Alliance Service Center ("CCBA SC") and Yman Huang Vien ("Vien") (collectively "Defendants"), by and through their attorneys, SmithAmundsen LLC, and for their Reply in Support of the Motion to Dismiss Plaintiff, Chinese Consolidated Benevolent Association's ("CCBA") Complaint, states as follows:

**I. Introduction**

Plaintiff's Response to Motion to Dismiss is not sufficient to establish that its Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While Plaintiff argues that it has alleged various facts to support its claims, many of the arguments go beyond the scope of the facts actually alleged in the Complaint, while others improperly rely on speculation and merely conclusory allegations. *See id.; see also Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)("conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss.").

1

## II. Plaintiff's Lanham Act and Related State Law Claims Must Be Dismissed

The Plaintiff's arguments in its Response to the Motion to Dismiss regarding the Lanham Act and related claims are fatally flawed because the Plaintiff confuses business names with trademarks. As the Plaintiff has admitted, in order to state a trademark infringement claim, a plaintiff must allege that (1) the mark at issue is protectable, and that (2) the defendant's use of the mark is likely to cause confusion among consumers. *Mighty Deer Lick, Inc. v. Morton Salt, Inc.*, No. 17-cv-05875, 2020 U.S. Dist. Lexis 23206, at *16 (N.D. Ill. Feb. 11, 2020).

The Complaint confuses trademarks and organization names, and uses the term "name" instead of mark throughout. Trademark protection is applicable to "various categories of words, terms, and phrases if consumers rely on those marks to identify and distinguish one company's goods or services from those of others." *Bhatia v. Vaswani*, No. 18-cv-2387, 2021 U.S. Dist. Lexis 104372, (N.D. Ill. June 3, 2021)(quoting *SportFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 598 (7th Cir. 2019). The Complaint fails to establish that Plaintiff has a protectable mark and that Defendant uses a mark that is likely to cause confusion among consumers.

As shown in Plaintiff's cited case *Bhatia v. Vaswani*, it is entirely proper for the court to analyze whether Plaintiff has alleged the existence of a protectable trademark. *Id*. With respect to Plaintiff's alleged trademark, the paragraph 10 of the Complaint makes the conclusory statement that "CCBA has operated under the name and common law marks 'CCBA' and/or 'CCBAC' during these decades." The complaint in this matter is entirely lacking any facts that would support the conclusory statement that "CCBA" has been used as a common law trademark. Plaintiff improperly relies upon cases in which the complaints sufficiently alleged the existence of a protectable trademark, including continuous use of the mark in commerce for years. *See Id.* (alleging use "since in or about 2006"); *La Zaza Trattoria, Inc. v. Lo Bue*, 2012 U.S. Dist. LEXIS

112627, at *5-6 (N.D. Ill. Aug. 10, 2012) (alleging continuous use of the subject mark since 1995). Saying that the "name and common law marks" have been used "during decades" is extremely vague and does not establish that the term "CCBA" has actually been used for any length of time, much less that it has been in continuous use in commerce as a trademark.

Plaintiff has also failed to establish that Defendant has a trademark, and that use of the trademark is likely to cause consumer confusion. Paragraph 22 of the Complaint alleges that Defendant has changed "the name of CCBA SC to the Chicago Chinatown Bridgeport Alliance Service Center, which reduces to the same acronym " CCBA SC" – (the 'Infringing Name')." It is unclear what the "Infringing Name" consists of – is it the acronym or the full name? Both or either? Paragraph 23 of the Complaint compounds the problem by making the conclusory allegation that "CCBA SC uses the Infringing Name in a non-profit registry, when it attends community events and when it raises funds for the same types of community members served by CCBA and services offered by CCBA." Using the name of an organization is not the same thing as using a trademark, and the Complaint has failed to allege any facts that would establish that Defendant is using a trademark, and what exactly that alleged mark is.

Moreover, Plaintiff's arguments that the Complaint "touches" on several of the likelihood of confusion factors go beyond the actual allegations in the Complaint. As an initial matter, the likelihood of confusion factors all involves comparison of trademarks, so the failure to sufficiently allege that either Plaintiff or Defendant actually uses a trademark is fatal. Plaintiff's cited cases regarding how many factors Plaintiff has alleged all begin with establishing that there is a protectable mark and Defendant uses a similar mark. *See, e.g.*, *Mighty Deer Lick, Inc. v. Morton Salt, Inc.*, No. 17-cv-05875, 2020 U.S. Dist. Lexis 23206, at *16 (N.D. Ill. Feb. 11, 2020)(registered trademarks at issue); Slep-Tone Entm't Corp. v. Coyne, 41 F. Supp. 3d 707, 717

(N.D. Ill. 2014)(registered trademarks at issue). Additionally, the Complaint merely contains conclusory statements. Despite Plaintiff's arguments the Complaint does not allege that "the marks CCBA and CCBA SC are plainly similar" or that "the name 'CCBA Service Center' suggests that the Defendant entity is a service of Plaintiff CCBA." Response to Motion to Dismiss at p. 4. Moreover, Plaintiff has alleged facts to support its conclusory allegations that there is a likelihood of confusion. For example, Paragraph 35 of the Complaint alleges misrepresentations to the State of Illinois, not to consumers. Paragraph 50 alleges that Defendant intercepts invitations to events, not that invitations are being sent to the wrong entity out of confusion. In determining whether there is a likelihood of confusion between the marks, "a court must ask whether consumers, and specifically consumers who would use either product [or services], would be likely to attribute them to a single source." *Checker Car Club of Am., Inc. v. Fay*, 262 F. Supp. 3d 621, 627 (N.D. Ill. 2017). "Possible confusion is not enough; rather, confusion must be 'probable.'" *Id*.

Finally, Plaintiff has not cited any case law in support of their arguments that they have established the requisite "special showing" to establish that the Lanham Act and related claims can be brought against Vien personally. *See Drink Group, Inc. v. Gulfstream Communications, Inc.,* 7 F.Supp.2d 1009, 1010 (N.D.Ill.1998) (conclusory allegations not sufficient to support personal liability for corporate officers); *Specht v. Google, Inc*., 660 F.Supp.2d 858, (N.D. Ill. 2009)(infringement claims against corporate officers dismissed).

**III.    Plaintiff's Breach of Fiduciary Duty Claim Against Vien Must be Dismissed.**

As Plaintiff admitted in its Response to the Motion to Dismiss, paragraphs 44 and 45 of the Complaint contain the entirety of its allegations in pleading a breach of fiduciary duty claim against Vien. *See* Dkt. #23 at 8. However, these bare-bone conclusory allegations, unsupported by

4

any factual assertions, cannot survive a motion to dismiss. *See Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981).

Plaintiff alleged that Vien breached her fiduciary duty of loyalty to CCBA in paragraph 44 of the Complaint where it stated that Vien usurped actual and potential corporate opportunities from CCBA when she established a non-profit corporation that allegedly competes with CCBA, and operated the corporation under the alleged Infringing Name. *See* Dkt. #1, ¶44. As Defendants elaborated above, CCBA SC, the non-profit entity of which Vien is now the President of the board, is not infringing Plaintiff's "CCBA" acronym. In addition, the Complaint is completely devoid of any factual allegations regarding what were the "actual and potential corporate opportunities" allegedly belonging to CCBA but were misappropriated by Vien. The opportunity to attend community events alleged in Count VI of the Complaint is not even a corporate opportunity as discussed in detail in Section IV below. Moreover, Plaintiff failed to allege any facts to show how CCBA SC competed with CCBA. To survive the motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's claim for breach of fiduciary duty of loyalty against Vien must be dismissed due to its factual and legal deficiency.

Plaintiff then alleged that Vien breached her fiduciary duty of obedience to CCBA in paragraph 45 of the Complaint by claiming that Vien obtained a commercial loan for CCBA without proper approval, signed two CCBA checks payable to Vari Architects Ltd. without proper approval, and failed to return certain CCBA Property. *See* Dkt. #1, ¶45. To state a cause of action for breach of fiduciary duty, a plaintiff must allege and ultimately prove (1) a fiduciary duty on the part of the defendant, (2) a breach of that duty, (3) an injury, and (4) a proximate cause between the breach and the injury. *Alpha Sch. Bus Co., Inc. v. Wagner*, 391 Ill. App. 3d 722, 747 (1st Dist.

5

2009). In Plaintiff's Complaint, the third element of a breach of fiduciary duty claim – an injury caused by the alleged breach – is completely missing. Plaintiff failed to allege any facts to show that CCBA sustained any damages due to Vien's alleged breach. Moreover, as discussed in Section V below, the CCBA property at issue in Vien's possession are certain CCBA's documents and records, which Vien, as a current member of CCBA's board of directors as Plaintiff alleged and which is undisputed, has a presumptive right to possess and inspect. *See Munroe-Diamond v. Munroe*, 2019 IL App (1st) 172966, ¶ 27 (Ill. App. Ct. 2019). Her possession of those documents and records is not (and could never have been) a breach of any fiduciary duties she owes to CCBA. For the above-stated reasons, Plaintiff failed to plead a breach of fiduciary duty of obedience against Vien as well. Therefore, the entire breach of fiduciary duty claim in the Complaint must be dismissed with prejudice.

Contrary to Plaintiff's assertion that the legal authority Defendants relied upon should not be instructive here (*see* Dkt. #23 at 8), there is nothing improper for Defendant Vien's citation to *Indeck Energy Services, Inc. v. DePodesta*, 2021 IL 125733 (Ill. 2021) to support its motion to dismiss. Although *Indeck Energy Services, Inc.* did not involve a motion to dismiss, it does not need to address a motion to dismiss to be binding legal authority here. Vien cited it to show how a corporate opportunity in a usurpation of corporate opportunity claim should be defined under Illinois substantive law, not to present any Illinois civil procedure rules regarding a motion to dismiss. There exists no such briefing requirement, and Plaintiff was unable to present one, that restricts a party filing a motion to dismiss to only cite legal authorities that involve motions to dismiss. Plaintiff's challenge of Defendant's reliance on *Indeck Energy Services, Inc.* is absurd and a complete misunderstanding of citation rules.

Although Plaintiff disagrees with Defendants' assertion that the breach of fiduciary duty of obedience is not a recognized cause of action under Illinois Law, Plaintiff could not present a single Illinois case that addressed a director's breach of fiduciary duty of obedience. The only Illinois case cited by Plaintiff to support a finding of a director's fiduciary duty of obedience – *In re Winthrop,* 219 Ill. 2d 526, 543- 44 (Ill. 2006) – addressed the fiduciary duties attorneys owe to their client, *not* any directors' fiduciary duties owed to a corporation *In re Winthrop* is clearly distinguishable from the instant case. The other two cases cited by Plaintiff are a Georgia state case and a Michigan Bankruptcy Court opinion, neither of which is binding on this Court nor can they provide any persuasive authority value. In order to persuade this Court to rely on the aforementioned inapplicable legal authorities, Plaintiff asserts that "Illinois case law regarding fiduciary duties of <u>non-profit</u> directors is not well-developed." *See* Dkt. #23 at 8 (emphasis added). However, Plaintiff's misguided attempt must fail, because Illinois case law regarding fiduciary duties of board of directors is actually very well-developed. And Plaintiff presented no authority to show that the law distinguishes the fiduciary duties of directors based on the non-profit or for-profit status of their corporations. This duty does not exist. This claim is legally and factually deficient and must be dismissed with prejudice.

**IV.** **Plaintiff's Usurping Corporate Opportunity Claim Against Vien Must be Dismissed.**

Not all opportunities are corporate opportunities that can support a claim of usurping corporate opportunity. A corporate opportunity has to be a proposed business activity that is "reasonably incident to the corporation's present or prospective business […]." *Indeck Energy Services, Inc.*, 2021 IL 125733, ¶ 47. The vague, ambiguous and speculative "opportunities to attend community events" alleged in the Complaint do not constitute the business opportunities contemplated by a usurpation of corporate opportunity claim. Plaintiff's complaint fails to allege

7

essential facts that would make the community events relevant here. For example, are these community events open to everyone, regardless of board position and membership? What happens at these community events? Why do these community events even matter to CCBA or CCBA SC or Vien? Are these community events located in Chicago, Illinois or United States? Do these events impact the mission or goals of CCBA or CCBA SC? Plaintiff has not pleaded these facts, likely because they do not exist and nor can Plaintiff plead them in any amended complaint on a good faith basis. The whole usurpation claim is just that, absurd!

The Illinois Supreme Court quoted William Lynch Schaller, *Corporate Opportunities and Corporate Competition in Illinois: A Comparative Discussion of Fiduciary Duties*, 46 J. Marshall L. Rev. 1, 18 (2012) to further explain what should constitute a corporate opportunity case:

> Strictly speaking, corporate opportunity cases are characterized by a particular and narrow fact pattern: (1) a third party presents an identifiable, concrete deal relating to the corporate employer's business ***; (2) the deal is a 'zero-sum' game in the sense that only the corporate employer or its fiduciary—but not both—can seize it, leaving the loser permanently shut out; and (3) the fiduciary diverts the deal to himself, whether before or after his resignation.

*Indeck Energy Services, Inc.*, 2021 IL 125733, ¶ 47 (emphasis added).

As indicated in *Levy v. Markal Sales Corp.*, 268 Ill. App. 3d 355, 366 (1st Dist. 1994), which Plaintiff cites as support, the usurped business opportunity has to be one that is "in the corporation's line of business." According to the Complaint, Plaintiff CCBA's "business" is to provide non-profit services to the Chinese immigrant community in Chicago (*see* Dkt. #1, ¶9). CCBA is not an organization established to attend community events. Attending a community meeting is undoubtedly not an opportunity that is in CCBA's line of business. And the civic organization that held a community event certainly was not presenting an identifiable and concrete deal relating to CCBA's business by sending an invitation for the event to CCBA.

8

Contrary to Plaintiff's false and misleading assertions made in its response brief, Defendants never stated that the corporate opportunity in the context of this claim should only refer to opportunities that lead to completed business deals. Plaintiff's assertion that Defendants ask the Court to narrowly define "opportunities" this way is a complete misinterpretation of Defendants' contention. The biggest problem with the Complaint is that these opportunities are vague, speculative, ambiguous and undefined. Plaintiff should not be allowed to use the response brief to supplement its complaint.

Plaintiff brought this claim against Vien based on its speculation that Vien received the invitations to the community events actually intended to be sent to CCBA, which arose after some community leaders asked CCBA's current President and directors about their absence to those events. *See* Dkt. #1, ¶50. This speculation is not enough to raise a right to relief above the speculative level. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Again, what happens at these community events? This question or other questions about relevance is never alleged in the complaint. Plaintiff's response does not address how they can cure this defect. The answer is simple: They can't! Regardless, even if Vien received the invitation to those community events and attended them as a board member of CCBA, she did not breach her fiduciary duty as the opportunities to attend the events are not corporate opportunities. Again, what is the wrong with Vien attending these events? How does that harm or injure the interests of CCBA? Illinois law definitely permits one person to serve on multiple nonprofit boards.

To support its usurping corporate opportunity claim, Plaintiff repeated its groundless assertion in its Response that Vien has taken for herself and her own controlled competitive entity (*i.e.* CCBA SC) the opportunity to be the beneficiary of the assets of CCBA SC. *See* Dkt. #23 at 10. However, being a beneficiary of an entity's assets upon its dissolution is <u>not</u> a corporate

9

opportunity as evidenced above. In addition, it was CCBA SC's board of directors that determined to remove CCBA as the beneficiary of CCBA SC's assets upon CCBA SC's dissolution, which was the rightful decision belonging to and made by CCBA SC's board. Even though Vien signed the relevant document as the President of CCBA SC's board, she did not usurp any corporate opportunity from CCBA. Again, these allegations are nothing more than vague speculations. Plaintiff failed to allege any corporate opportunity that was usurped by Vien from CCBA, and therefore, the usurping corporate opportunity claim against Vien must be dismissed.

V. **Plaintiff's Conversion Claim Against Vien and CCBA SC Must be Dismissed.**

The only allegations Plaintiff made relating to its conversion claim are the following:

> 24. Vien possesses corporate records and documents of CCBA and has refused, after repeated demands, to return those corporate records and documents to CCBA. Included, without limitation, among those records are documents relating to a) Sun Yat-Sen Park; b) the Chinatown Gate project; c) the senior housing project (architect drawings, bank records etc.); and d) CCBA SC records related to CCBA (the "CCBA" Property).
>
> 54. Plaintiff has a personal right the CCBA Property.
>
> 55. Plaintiff has an absolute and unconditional right to immediate possession of the CCBA Property.
>
> 56. Plaintiff made repeated demands for possession of the CCBA Property currently possessed by Defendants.
>
> 57. Defendants wrongfully assumed control of the CCBA Property.

*See* Dkt. #1, ¶¶24, 55-57.

In its Response, Plaintiff once again disingenuously mischaracterizes Defendants' arguments that support the dismissal of the conversion claim. Contrary to Plaintiff's distorted assertion raised in an attempt to mislead the Court, Defendants did <u>not</u> deny or debate any of the facts Plaintiff pleaded in its conversion claim. Defendants' Motion to Dismiss this claim does not

rely on denial or disputing the facts alleged by Plaintiff, and therefore, should not be denied on this basis.

To successfully plead conversion, a plaintiff must show that, among other elements, a defendant wrongfully and <u>without authorization</u> assumed control, dominion, or ownership over the property. *The Film & Tape Works, Inc. v. Junetwenty Films, Inc.*, 368 Ill. App. 3d 462, 475 (1st Dist. 2006) (emphasis added). Defendants pointed out in its Motion to Dismiss that Plaintiff failed to plead this element of conversion, as Vien who remains a member of CCBA's board of directors has the presumptive right to inspect CCBA's records and documents. *See Munroe-Diamond*, 2019 IL App (1st) 172966, ¶ 27 (in Illinois, corporate directors have the presumptive right to inspect corporate books and records). Vien's possession of a copy of the relevant documents are plainly permitted. This is not a denial or a debate of any of the facts alleged by Plaintiff. As shown above, it is undisputable that Plaintiff did not make any factual allegation in the Complaint stating that Vien's access to and possession of the CCBA's records and documents at issue are unauthorized. *See* Dkt. #1, ¶¶24, 55-57. In fact, Plaintiff admitted that Vien is still on CCBA's board (*see* Dkt. #1, ¶11), which evidenced that Vien has the right and authority to inspect and possess the CCBA records and documents. Plaintiff did not make any allegation to show that Vien, as a board member of CCBA, kept the documents beyond the scope of her authority or through wrongful acts.

Similarly, it is undisputable that Plaintiff did not make any allegation that it no longer has access to the CCBA records and documents at issue. Purely pointing it out – that Plaintiff did not claim it lost its property rights to those records due to Vien's possession of a copy– is certainly not denying or disputing any facts in the Complaint. It was only in its Response to the Motion to Dismiss where Plaintiff stated that it does not have access to the documents. *See* Dkt. #23 at 10. This is not a plead fact in the Complaint, and should not to be accepted as true in the context of a

11

motion to dismiss under 12(b)(6). All Plaintiff asserted in the Complaint is that Vien possesses certain CCBA documents and Plaintiff would like Vien to return those documents to CCBA.

The conversion claim in Plaintiff's Complaint should also be dismissed because Plaintiff failed to plead a critical element for this cause of action – that Vien has no authorization to possess the documents. The conversion claim alleged against Vien is not properly pleaded and must be dismissed.

As to the conversion claim against Defendant CCBA SC, Plaintiff's Complaint is devoid of any factual allegation that shows CCBA SC wrongfully assumed control or ownership of any of CCBA's properties. Thus, the conversion claim alleged against CCBA SC must be dismissed as well.

It is also worth pointing out that Plaintiff listed Defendant "CCBA SC records related to CCBA" – which are CCBA SC's personal property – as part of the documents Vien allegedly converted. *See* Dkt. #1, ¶24(d). Even if the Court determines that Plaintiff's conversion claim regarding its own records and documents can survive the Motion to Dismiss, the portion of this claim relating to CCBA SC's records, which is CCBA SC's personal property, should be dismissed for the obvious reason that CCBA has no right to CCBA SC's property. Plaintiff should not be allowed to surreptitiously insert such unlawful request in this claim.

## VI. Conclusion

WHEREFORE, Defendants, Chicago Chinatown Bridgeport Alliance Service Center and Yman Huang Vien, respectfully request that this Court grant their Motion to Dismiss all counts of Plaintiff, Chinese Consolidated Benevolent Association's Complaint, *with prejudice*, and any further relief deemed proper and just.

Date: January 11, 2021                                  Respectfully submitted
                                                                                                   SmithAmundsen LLC

                                                                               By:   /s/ Gary Zhao
                                                                                       One of the Attorneys for Defendants

SMITHAMUNDSEN LLC
Gary Zhao, Esq. (ARDC #6279527)
150 N. Michigan Ave., Ste. 3300
Chicago, IL 60601
(312) 894-3377 – Telephone
gzhao@salawus.com
**ATTORNEYS FOR DEFENDANT**

**Certificate of Service**

I hereby certify that on January 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Steven L. Baron
Jonathan Lustig
The Law Office of Jonathan Lustig P.C.
200 East Randolph
Suite 5100
Chicago, IL 60601
jonathanlustig@lustiglawgroup.com

Steven L. Baron
Baron Harris Healey
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
sbaron@bhhlawfirm.com